## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK EUGENE JOHNSON,     :       Civil No. 1:20-cv-0251
                               :
         Petitioner,         :
                               :
         v.                :
                               :
Warden of SCI-Smithfield, *et al.,*    :
                               :
         Respondents.      :       Judge Jennifer P. Wilson

## MEMORANDUM

### PROCEDURAL HISTORY

On February 12, 2020, Petitioner, Derrick Eugene Johnson, an inmate

presently confined in the Smithfield State Correctional Institution, Huntingdon,

Pennsylvania, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254.

(Doc. 1.)  Named as Respondents are the Warden of SCI-Smithfield, and the

Pennsylvania Attorney General.  (*Id*.)  The required filing fee has been paid.

Along with the petition, Petitioner filed a motion to stay this action so that he can

seek further collateral relief via an action filed pursuant to Pennsylvania's Post

Conviction Relief Act ("PCRA")[1] in a Common Pleas Court in Pennsylvania.

---

[1] *See* 42 Pa. Cons. Stat. Ann. § 9541 *et seq*.  One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions."  *Hankins v. Fulcomer*, 941 F.2d 246, 251 (3d Cir. 1991).

(Doc. 2.)  Petitioner notes that he has an appeal of his first PCRA petition pending in the Pennsylvania Superior Court.  (*Id*.)

An electronic search via the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/DocketSheets/CP.aspx, of Petitioner's criminal docket, CP-67-CR-0005271-2013, reveals that Petitioner was convicted of first-degree murder on June 11, 2014, and sentenced to life imprisonment.  Post-sentence motions were denied on November 25, 2014, and Petitioner filed a direct appeal on December 16, 2014.  *Id*.  On August 7, 2015, the Pennsylvania Superior Court affirmed the Petitioner's conviction and sentence, and on September 5, 2015, Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court.  *Id.*  On December 22, 2015, the Pennsylvania Supreme Court denied Johnson's petition for allowance of appeal.  *Id*.

On March 24, 2017, Petitioner filed his first PCRA petition.  *Id*.  This petition was denied on June 29, 2018, and Petitioner appealed the denial to the Superior Court on July 23, 2018.  *Id*.  The docket reflects that on May 6, 2019, the appeal was discontinued, and then reinstated on May 28, 2019, and remains pending.  *Id*.

Petitioner provides that he filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 12, 2020, so that he would not be time-barred from federal review.  (Doc. 2); *see also* 28 U.S.C. § 2244(d)(1).

**DISCUSSION**

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is not a mere formality. Rather, it serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.

In most circumstances, federal habeas corpus relief may not be granted on a petition consisting of unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, in both *Rhines v. Weber*, 544 U.S. 269 (2005), and *Crews v. Horn*, 360 F.3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed federal habeas corpus petition. Both *Rhines* and *Crews* addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1). *Rhines* recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the

3

petitioner can pursue review of his unexhausted claims in state court. *Rhines*, 544

U.S. at 277. The United States Court of Appeals for the Third Circuit in *Crews*

similarly recognized that in order to avoid an unfair result, "when an outright

dismissal could jeopardize the timeliness of a collateral attack, a stay is the only

appropriate course of action." *Crews*, 360 F.3d at 154 (internal citations omitted).

In this case, there is no clear indication that the Petitioner's pending federal

habeas petition is untimely pursuant to the Antiterrorism and Effective Death

Penalty Act of 1996. *See* 28 U.S.C. § 2244(d)(1). Petitioner has requested a stay

because his pending § 2254 action consists of claims that he is also asserting via a

first PCRA petition which remains under consideration in the Pennsylvania

appellate court. There is no indication that Petitioner is seeking to defer

adjudication of his claims or to defeat the interests of finality of state court

judgments. As in *Crews*, Petitioner should not face the prospect of forfeiting

federal court review of his issues. Accordingly, the Petitioner's request for a stay

will be granted.

However, so that this matter moves forward, within thirty (30) days of

disposition of the Petitioner's state court PCRA proceedings, he will be required to

file a written status report with this Court which includes a copy of the relevant

state court disposition. Failure to timely file the required written status report may

be deemed a failure to prosecute. Finally, upon demonstration by Petitioner that

his relevant state court proceedings have concluded, the stay issued in this matter

will be lifted.  Until such time, this matter will be marked closed for administrative

purposes.

        An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: February 28, 2020